IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

LINNEL RANSOM AND
PEARLEAN TAYLOR RANSOM                                                             PLAINTIFFS

VS.                                                        CIVIL ACTION NO. 3:08-cv-430-DPJ-JCS

ALLSTATE INSURANCE COMPANY AND
ITS CLAIM ADJUSTER WILBUR JORDAN                                                    DEFENDANTS

ORDER

This insurance coverage dispute is before the Court on Plaintiff's Motion to Remand [2] and Defendant Wilbur Jordan's Motion to Dismiss [8].[1] The Court, having fully considered the parties' submissions and the applicable law, finds that Defendant Jordan was improperly joined and should be dismissed, and that complete diversity therefore exists. Plaintiff's motion to remand is denied.

I.   Facts/Procedural History

Plaintiffs, both of whom are Mississippi residents, submitted a claim to their homeowners' insurance carrier, Allstate Insurance Company (Allstate), for property loss resulting from an alleged burglary. Plaintiffs' claim was adjusted by Wilbur Jordan, who, according to the Complaint, "was serving as an agent and employee" of Allstate. Complaint ¶2. Allstate denied the claim, and Plaintiffs sued in the Circuit Court of Hinds County, Mississippi, which is within this district and division. Believing that Jordan had been fraudulently joined, Allstate filed a notice of removal. Plaintiffs have now moved to remand, and Jordan has moved to dismiss the claims against him. Although Allstate responded to the Motion to Remand, Plaintiffs did not file

---

[1] The undersigned is not related to, nor does he know, Defendant Jordan.

a reply, and they never filed a response to Jordan's motion to dismiss. All time for responding to the motions has now lapsed.

II.     Analysis

Defendants removed this action based on federal diversity jurisdiction under 28 U.S.C. § 1332. There are two issues before the Court. First, is Allstate a non-diverse defendant, and second, did Plaintiffs' improperly join Defendant Jordan. Starting with Allstate, Plaintiff stated in their motion: "Defendant Allstate Insurance Company, is a Mississippi incorporated company . . . ." Motion to Remand ¶3. Plaintiffs therefore claim that Allstate is non-diverse. This contention flatly contradicts Plaintiffs' Complaint which avers that Allstate is "a foreign insurance company duly qualified to do business in the State of Mississippi." Complaint ¶3. Allstate, in its Answer, admitted that it is a foreign insurance company. Answer ¶3. Plaintiffs offered no evidence supporting their new position, and it must therefore be rejected. Allstate is diverse.

Defendant Jordan is another matter. There is no dispute that Jordan is a Mississippi resident, but Defendants claim that he was improperly joined. Defendants face a "heavy" burden of demonstrating improper joinder. *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005) (citation omitted). In evaluating a claim of improper joinder, the appropriate test is "whether there is *any reasonable basis* for predicting that the plaintiff might be able to establish the non-diverse defendant's liability on the pleaded claims in state court." *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003); *see also Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). However, "[a] 'mere theoretical possibility of recovery under local law' will

not preclude a finding of improper joinder." *Smallwood*, 385 F.3d at 573 n.9 (quoting *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)).

When considering a motion to remand, the Court evaluates the factual allegations in the light most favorable to the plaintiff and resolves all ambiguities in controlling state law in the plaintiff's favor. *Travis*, 326 F.3d at 648 (citation omitted). To predict whether a plaintiff has a reasonable basis of recovery under state law, the Court will generally conduct a 12(b)(6)-type analysis, "looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. "That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id*. Importantly, "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 574. The present case is not one of those rare circumstances where the Court must conduct a summary inquiry, because the allegations of the Complaint fail to state a claim against Jordan.[2]

Count I of the Complaint alleges that "Defendant has breached its duty of good faith and fair dealing. . ." This count does not expressly reference Jordan, "Defendant" is written in the

---

[2]Defendant Jordan filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, but he also attached an affidavit. Because the Court can decide the issue without regard for his affidavit, the affidavit is excluded by the Court and the motion is appropriately addressed under Rule 12(b)(6) rather than Rule 56. In addition, the Court notes that Plaintiff never responded to Jordan's Motion to Dismiss. Pursuant to Local Rule 7.2(C)(2), Jordan's motion is due to be granted as unopposed. However, the Court nevertheless finds that Jordan's motion is meritorious.

singular, and Plaintiffs use the pro-noun "its."  All of this suggests that Count I is directed to Allstate, not Jordan.  Even if Count I could be read as asserting a claim against Jordan, it would fail to state a claim under 12(b)(6).  In *Bass v. California Life Insurance Co.*, the insured obtained a policy of insurance and later attempted to sue the claims administrator.  581 So. 2d 1087 (Miss. 1991).  The Mississippi Supreme Court adopted the following standard for adjusters and administrative agents:

> The relationship between an adjuster and the insured is a purely contractual one.  The adjuster does not owe the insured a fiduciary duty nor a duty to act in good faith, as the plaintiff claims.
>
> An adjuster has a duty to investigate all relevant information and must make a realistic evaluation of a claim.  However, an adjuster is not liable for simple negligence in adjusting a claim.  He can only incur independent liability when his conduct constitutes gross negligence, malice, or reckless disregard for the rights of the insured.

*Id*. at 1090 (internal citations omitted).  Accordingly, there is no reasonable probability that Plaintiff could state a claim under Count I for breach of good faith and fair dealing against Jordan.

Count II of the Complaint is somewhat difficult to decipher, but Plaintiffs appear to allege that the "Defendants" improperly accepted premiums and breached fiduciary duties.  Of course there is no suggestion in the Complaint that Jordan, a claims adjustor, ever accepted premiums, and he would not be liable for breach of fiduciary duties.  *Id*.  Count II fails to state a claim against Jordan.  For this same reason, Count IV, which more expressly states a claim for breach of fiduciary duty, must also fail as to Jordan.  *Id*.

Count III alleges breach of contract.  However, "Mississippi law is clear:  an agent of a disclosed principal is not a party to his principal's contract and cannot be liable for its breach."

*Rogers v. Nationwide Prop. & Cas. Ins. Co.*, 433 F. Supp. 2d 772, 776 (S.D. Miss. 2006) (citing *Jabour v. Life Ins. Co. of N. Am.*, 362 F. Supp. 2d 736, 740-41 (S.D. Miss. 2005)); *see also Jenkins v. Farmington Cas. Co.*, 979 F. Supp. 454, 457 (S.D. Miss. 1997) (noting that an agent who is not party to insurance contract is not liable for payment of contractual benefits).

Count V alleges negligent misrepresentation. This claim fails because simple negligence will not create liability for an adjustor; Plaintiffs must prove gross negligence, malice, or reckless disregard for the rights of the insured. *Bass*, 581 So. 2d at 1090. Although the Court will not at this point rule on the issue, it also appears that the only representation identified in this count, that "proceeds would be promptly paid," is a promise of future performance. Even if such conduct was attributable to Jordan, "the first element of negligent misrepresentation, misrepresentation of a fact, must concern a past or present fact as contrasted with a promise of future conduct." *Spragins v. Sunburst Bank*, 605 So. 2d 777, 780 (Miss. 1992) (citing *Bank of Shaw*, 573 So. 2d 1355, 1360 (Miss. 1990)).

Finally, Count VI is a claim for conversion, which states: "The Defendants have deceptively and fraudulently converted an amount of money no less than the compensable value of Plaintiffs' property loss and premium payments from the inception of Plaintiffs' policy by granting economic benefit."

> [T]o make out a conversion, there must be proof of a wrongful possession, or the exercise of a dominion in exclusion or defiance of the owner's right, or of an unauthorized and injurious use, or of a wrongful detention after demand. There is no conversion until the title of the lawful owner is made known and resisted or the purchaser exercises dominion over the property by use, sale, or otherwise.

*Cmty. Bank, Ellisville, Miss. v. Courtney*, 884 So. 2d 767, 773 (Miss. 2004).  Plaintiffs' Complaint fails to demonstrate how a claims adjustor might exercise dominion over their property, and the Court finds no reasonable possibility of success on the merits of this claim.

Finally, the lack of a claim against Jordan with sufficient culpability is also apparent from the prayer for punitive damages against Allstate.  The Complaint avers that "Defendant Allstate Insurance Company has maliciously, willfully and wantonly refused and failed to make the required payments under the contract."  Complaint ¶32.  There are no such allegations as to Jordan.

Having fully considered Plaintiffs' Complaint, the Court finds no "reasonable basis for predicting that the plaintiff[s] might be able to establish the non-diverse defendant's liability on the pleaded claims in state court."  *Travis,* 326 F.3d at 646-47.

III.    Conclusion

Based on the above, it is hereby ordered that Plaintiffs' Motion to Remand [2] is denied, and Defendant Jordan's Motion to Dismiss [8] is granted.

**SO ORDERED AND ADJUDGED** this the 27th day of August, 2008.

                                                s/ *Daniel P. Jordan III*
                                                UNITED STATES DISTRICT JUDGE